UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:26-cr-304-TPB-NHA

18 U.S.C. § 1542
Passport Fraud

MARINA SALVADOR AGUSTIN
a/k/a "Y.M.V.A."

SEP 18 2026 PM3:08
FILED - USDC - FLMD - TPA

**INFORMATION**

The United States Attorney charges:

**COUNT ONE**
**(Passport Fraud)**

On or about February 10, 2026, in the Middle District of Florida, the defendant,

MARINA SALVADOR AGUSTIN,
a/k/a "Y.M.V.A.,"

did knowingly and willfully make a false statement in an application for a passport with the intent to induce and secure for her own use, or for the use of another, the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application the defendant included a false name with initials Y.M.V.A., included a false date of birth, included a false social security number, claimed to be a United States citizen and attested under the penalty of perjury that all of the statements made on the application were true and correct, attested under the

penalty of perjury that she did not make any false statements on the application, and attested under the penalty of perjury that she did not include any false documents in support of the application, all of which she knew to be false.

In violation of 18 U.S.C. § 1542.

**FORFEITURE**

1. The allegations contained in Count One and of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provision of 18 U.S.C. § 982.

2. Upon conviction of a violation of 18 U.S.C. § 1542, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(6)(A), any and all right, title, and interest he may have in any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and any real or personal property that either (a) constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense, or (b) is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be

divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

GREGORY W. KEHOE
United States Attorney

By: ______________________________
Erin Claire Favorit
Assistant United States Attorney

By: ______________________________
Michael Kenneth
Assistant United States Attorney
Chief, Economic Crimes